**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **WILLIAM L. STEM, JR.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 4:23-cv-00232 |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE SIM LAKE:

William L. Stem, Jr. ("Plaintiff") files this First Amended Complaint against Defendant State Farm Lloyds ("State Farm") and, in support of its causes of action, would respectfully show the Court the following:

### I.
### THE PARTIES

1. William L. Stem, Jr. is a natural person residing in Magnolia, Montgomery County, Texas.

2. State Farm is an insurance company doing business in the State of Texas and has entered an appearance, therefore, no service is necessary.

### II.
### JURISDICTION AND VENUE

3. This court has subject matter jurisdiction of this lawsuit under 28 U.S.C. §§ 1332(a). All parties to this civil action are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

1

4. Venue is proper in this District because all or a substantial part of the events or omissions giving rise to the claim occurred in Montgomery County, Texas, located within this federal district.

## III.
## FACTUAL BACKGROUND

5. Plaintiff is a named-insured under a property insurance policy issued by State Farm. The policy, identified as policy 53LQ14365, provided coverage for storm damage from December 22, 2020, through December 22, 2021.

6. On or about June 1, 2021, or sometime within the policy period, a storm(s) hit the Magnolia, TX area, damaging Plaintiff's buildings and other property.

7. Over the following days, Plaintiff discovered that the roofing systems and other parts of his home were damaged by the storm. Plaintiff subsequently filed a claim on his insurance policy.

8. On or about June 5, 2021, Plaintiff received a rejection letter from State Farm advising Plaintiff that the policy deductible exceeded State Farm's estimate of damages to Plaintiff's property.

9. On June 15, 2021, Priority Roofing of Dallas, Texas inspected Plaintiff's home at Plaintiff's request, and produced an itemized estimate report of the cost to repair and/or replace the storm damage at Plaintiff's home. Priority Roofing estimated it would cost $35,103.33 to repair the damage.

10. On December 15, 2021, more than six months after Plaintiff filed a claim, State Farm inspected Plaintiff's home. Six days later, State Farm sent a letter containing the estimate numbers to Plaintiff. The letter indicated that for the *covered* portion of the claim, Defendant's investigation had revealed only $1,151.64 in damages, well below the policy deductible of $3,316.

11. Defendant's handling of the claim evidences an outcome-oriented investigation intended to deprive Plaintiff of thousands in covered policy benefits. The June 5, 2021 letter advised the estimated damage did not exceed the deductible without any supporting documentation or estimate. The December 21, 2021 inspection letter indicated that State Farm's inspector did not find any covered hail or wind damage to the roof. The lack of any mention, explanation, or estimation of wind and hail damage to the roof evidences State Farm's outcome-oriented investigation. In contrast, Plaintiff's contractor, Priority Roofing, observed and photographed hail and wind damage to Plaintiff's roof.

12. Defendant misrepresented the findings of its investigation when it implied that the inspection did not reveal covered damages consistent with hail or wind.

13. Defendant had both a contractual and statutory duty to perform a reasonable investigation of the claim. Defendant's rejection on June 5, 2021, and subsequent reliance on the December 12, 2021 inspection report were unreasonable. Neither lettter addresses wind or hail damage to the roof, provides explanation to the insured why that damage was not considered or inspected, or evidences any due diligence or reasonable investigation by State Farm.

14. Following the denial, Plaintiff desired and continues to try to avoid litigation. Plaintiff hired its own contrator, who submitted a estimation report on or about June 15, 2021, concluding that the roofing systems exhibited signs of major hail damage and would require full replacement.

15. Subsequently, after the rejection, Plaintiff retained counsel to try to negotiate a resolution to the claim. On September 6, 2022, Plaintiff sent notice to State Farm demanding resolution of the claim and of future litigation should State Farm not resolve the claim.

16. State Farm ignored the notice.

17. On September 28, 2022, Plaintiff invoked the appraisal clause of the policy as an alternative resolution to the claim. Plaintiff hired appraiser Bobby Crowson and State Farm hired Paul Poncio.

18. On November 11, 2023, Plaintiff filed suit against State Farm in state court.

19. On February 15, 2023, Plaintiff received a signed and agreed appraisal award finding the replacement cost value of the damage to Plaintiff's home to be $37,710.41 and the actual cash value of $25,262.16.

20. On March 24, 2023, Plaintiff received a check responsive to the appraisal award in the amount of $18,630.16. Plaintiff explained in a March 15, 2023 letter that the $18,630.16 represents the replacement cost value less the deductible and less depreciation. State Farm also sent a check for $4093.40 indicating the check was for the interest State Farm owed to Plaintiff.

21. On April 18, 2023, Plaintiff's bank returned the State Farm appraisal check advising "Return to Maker." Counsel for Plaintiff have reached out to State Farm and counsel for State Farm numerous times by telephone and email but have still received no response as to why the check was returned or when or if State Farm would reissue a check.

22. In sum, the adjusters assigned to the claim conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that were or should have been observed during the inspection, and undervalued the damages observed during the inspection.

23. This unreasonable investigation led to the underpayment of Plaintiff's claim and deprived Plaintiff of covered Policy benefits.

24. Moreover, State Farm performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## IV.
## CAUSES OF ACTION

25. Each of the foregoing paragraphs is incorporated by reference in the following:

**A.  Breach of Contract**

26. State Farm had a contract of insurance with Plaintiff. State Farm breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

**B.  Prompt Payment of Claims Statute**

27. The failure of State Farm to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

28. State Farm failed to adhere to the deadlines imposed within Section 542.055 when it failed to request from its claimant all items, statements, and forms that Defendant reasonably believed will be required from the claimant. Defendant did not request any such items from its insured.

29. State Farm failed to adhere to the deadlines imposed within Section 542.056 when it failed to render a claim decision either accepting or rejecting the claim within the timeframe specified. State Farm did not render a claim decision until November 21, 2019.

30. State Farm violated Section 542.058 by failing to pay all covered policy benefits within 60 days of its receipt of all items, statements, or forms.

31. Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

**C.   Bad Faith**

32. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

33. Defendant violated Section 541.060 by:

    (1) misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

    (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

    (3) failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

    (4) failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

    (5) refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

34. Defendant violated Section 541.061 by:

    (1) making an untrue statement of material fact;

    (2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4) making a material misstatement of law; and

(5) failing to disclose a matter required by law to be disclosed.

35. Defendant's violations of Chapter 541 of the Texas Insurance Code enumerated above caused damages to Plaintiff in at least the amount of policy benefits wrongfully withheld.

36. Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to Texas Insurance Code Section 541.152(a)-(b).

**D.  Attorneys' Fees**

37. Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

38. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because it is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

39. Plaintiff further prays that it be awarded all reasonable attorneys' fees incurred in prosecuting its causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## V.
## CONDITIONS PRECEDENT

40. All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

## VI.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that, upon final hearing of the case, it recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show it to be justly entitled.

Respectfully submitted,

**DALY & BLACK, P.C.**

By: /s/ *C. Eric Vickers*
Richard D. Daly, Attorney-in-Charge
Southern District Bar No. 20706
State Bar No. 00796429
rdaly@dalyblack.com
2211 Norfolk Street, Suite 800
Houston, Texas 77098
Tel: (713) 655-1405
Fax: (713) 655-1587
ecfs@dalyblack.com (service)
**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

*Of Counsel:*
C. Eric Vickers
Southern District Bar No. 3556692
State Bar No. 24118577
evickers@dalyblack.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      I hereby certify that on June 2, 2023, a true and correct copy of the forgoing was served on all counsel of record by the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure.

M. Micah Kessler
Nistico, Crouch & Kessler, P.C.
1900 West Loop South, Suite 800
Houston, Texas 77027
Telephone: (713) 781-2889
Telecopier: (713) 781-7222
mkessler@nck-law.com
**ATTORNEY FOR DEFENDANTS**

                                          By:   */s/ C. Eric Vickers*
                                                   C. Eric Vickers