United States District Court
Southern District of Texas
**ENTERED**
January 10, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STEVEN W. STEM, AS EXECUTOR OF THE ESTATE OF WILLIAM L. STEM, JR., § § § § | |
| Plaintiff, § § | |
| v. § | CIVIL ACTION NO. H-23-0232 |
| STATE FARM LLOYDS, § § § | |
| Defendant. § | |

### MEMORANDUM OPINION AND ORDER

Steven W. Stem, as executor of the estate of William L. Stem, Jr., ("Plaintiff") brings this action against State Farm Lloyds ("Defendant").[1] Plaintiff alleges claims in connection with an insurance coverage dispute. Pending before the court is Defendant State Farm Lloyds' Traditional and No-Evidence Motion for Summary Judgment ("Defendant's MSJ") (Docket Entry No. 21). For the reasons stated below, Defendant's MSJ will be granted.

### I. Background

Plaintiff submitted a claim to Defendant on May 29, 2021, under his State Farm Homeowner's Policy ("the Policy") for alleged storm damage to the interior and exterior of his residence.[2]

---

[1]First Amended Complaint ("Complaint"), Docket Entry No. 14; Order for Substitution, Docket Entry No. 18. For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

[2]Defendant State Farm Lloyds' Brief in Support of Its Motion for Summary Judgment ("Defendant's MSJ Brief"), Docket Entry (continued...)

Defendant acknowledged Plaintiff's submission the same day. On June 2, 2021, Defendant's claim specialist visited Plaintiff's residence, discussed the claim with Plaintiff, and examined the interior damage.[3] The claim specialist had the roof inspected by a third party, which reported back on June 5, 2021.[4] Defendant's claim specialist told Plaintiff that the roof did not show covered damages and that the interior damages totaled $535.61, below the Policy's deductible.[5] Defendant conducted a second inspection on December 15, 2021, and determined that there was no roof damage and that the interior damage totaled $1,151.64, still below the Policy's deductible.[6]

On September 28, 2022, Plaintiff invoked the Policy's appraisal clause, and on October 3, 2022, Defendant agreed to the appraisal.[7] In the event of a coverage dispute, the clause allows either party to demand that the loss be determined by two

---

[2](...continued)
No. 22, p. 8; Steven W. Stem's Response to State Farm Lloyd's [sic] Motion for Summary Judgment ("Plaintiff's Response"), Docket Entry No. 24, p. 2 ("Mr. Stem does not contest State Farm's evidence or chronology. The facts generally accurately describe the sequence of events.").

[3] Defendant's MSJ Brief, Docket Entry No. 22, pp. 8-9 ¶ 11.

[4] Id. at 9 ¶¶ 11-12.

[5] Id. ¶ 12.

[6] Id. ¶ 13.

[7] Id. at 10 ¶ 14.

disinterested appraisers.[8]  On March 8, 2023, the appraisers informed Defendant that the loss should be set at $37,710.41 on a replacement cost basis, for an actual cash value of $18,630.16.[9] Defendant tendered payment of $18,630.16 to Plaintiff on March 15, 2023.[10]  Defendant also made a payment of $4,093.40 "[i]n order to resolve any potential question or concern about whether [Defendant] has met [the] time requirements" of the TPPCA.[11]

Plaintiff filed this action on November 19, 2022, and Defendant removed the action to this court on January 20, 2023.[12] Plaintiff alleges claims for breach of contract, violation of the Texas Prompt Payment of Claims Act (Tex. Ins. Code §§ 542.051 et seq.) ("TPPCA"), "Bad Faith" (in violation of Tex. Ins. Code §§ 541.060-541.061), and seeks attorney's fees (pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001-38.003 and Tex. Ins. Code §§ 541.152, 541.060).

Defendant filed its MSJ on November 30, 2023, Plaintiff responded, and Defendant replied.[13]

---

[8]September 28, 2022, Correspondence, Exhibit B-10 to Defendant's MSJ Brief, Docket Entry No. 22-3, p. 74.

[9]Defendant's MSJ Brief, Docket Entry No. 22, p. 10 ¶ 15.

[10]Id.

[11]Id. at 10 ¶ 15; 11 ¶ 16.

[12]Defendant's Notice of Removal, Docket Entry No. 1, p. 1 ¶ 1.

[13]Defendant's MSJ, Docket Entry No. 21; Plaintiff's Response, Docket Entry No. 24, p. 1; Defendant's Reply to Plaintiff's Response to Defendant's MSJ, Docket Entry No. 25.

## II. Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact is or is not genuinely disputed must support the assertion by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). "Summary judgment is proper when the undisputed material facts establish that the moving party is entitled to judgment as a matter of law." Neely v. Regions Bank, Inc., 262 F. App'x 630, 632 (5th Cir. 2008) (per curiam).

## III. Analysis

Defendant argues that each of Plaintiff's claims fail as a matter of law and that Plaintiff is not entitled to attorney's fees. Plaintiff does not dispute Defendant's evidence and responds that his TPPCA claim is valid.

### A. Plaintiff's Contract Claim

The Complaint alleges that Defendant breached the Policy "by wrongfully denying and/or underpaying the claim."[14] Defendant argues that its payment of the appraisal amount fully satisfies its coverage obligation for the disputed loss and forecloses Plaintiff from prevailing on a breach of contract claim.

---

[14]Complaint, Docket Entry No. 14, p. 5 ¶ 26.

The Texas Supreme Court has held that when an insurance policy includes an appraisal clause, the insurer "complie[s] with its obligations under the policy" by paying the binding amount determined by the appraisers. Ortiz v. State Farm Lloyds, 589 S.W.3d 127, 133 (Tex. 2019). Absent a separate breach of the policy, paying the appraisal amount "forecloses liability on a breach of contract claim." Id. at 132.

Defendant's denial of the claim is the only breach identified by Plaintiff. Because the parties agree that Defendant paid the appraisal amount, Plaintiff's breach-of-contract claim fails as a matter of law.

## B. Plaintiff's TPPCA Claim

The Complaint alleges that Defendant violated the TPPCA by failing to meet its statutory deadlines. Plaintiff cites deadlines required by §§ 542.055, 542.056, 542.058 and alleges that Defendant is liable for damages, interest, and attorney's fees as set forth in § 542.060. Defendant argues that any liability under the TPPCA is less than the $4,093.40 payment it made to account for any TPPCA liability.

When an insurer fails to meet these statutory deadlines, Texas Insurance Code § 542.060(c) states:

> [T]he insurer is liable to pay the holder of the policy . . . simple interest on the amount of the claim as damages each year at the rate determined on the date of judgment by adding five percent to the interest rate [set by the Federal Reserve], together with reasonable and necessary attorney's fees . . . Interest awarded under

-5-

> this subsection as damages accrues beginning on the date the claim was required to be paid.

Section 542.058 requires the insurer to pay the claim within 60 days "after receiving all items, statements, and forms reasonably requested and required under Section 542.055." Section 542.055 allows the insurer 15 days to request these items, but Defendant calculates its alleged delay based on the date of its first inspection on June 2, 2021, just four days after receiving Plaintiff's claim. Assuming § 542.058 required Defendant to make payment 60 days later on August 1, 2021, Defendant's March 15, 2023, payment was 591 days late, or 1.62 years. On March 15, 2023, the simple interest rate under § 542.060(c) was 12.75 percent.[15] Multiplying the appraisal value of $18,630.16 by an interest rate of 12.75 percent by 1.62 years yields an amount of interest owed for the delay of $3,848.05, below the $4,093.40 paid by Defendant.

Plaintiff does not address the effect of Defendant's voluntary interest payment but cites Barbara Technologies Corporation v. State Farm Lloyds, 589 S.W.3d 806 (Tex. 2019). Barbara Technologies held that an insurer's payment of an appraisal award does not reset or suspend TPPCA deadlines. Id. at 822. But Defendant makes no such argument and has voluntarily paid more than the amount required under § 542.060(c).

---

[15] See Tex. Ins. Code § 542.060(c); Tex. Fin. Code § 304.003(c); Bank Prime Loan Rate Changes: Historical Dates of Changes and Rates, Federal Reserve Bank of St. Louis, https://fred.stlouisfed.org/series/PRIME.

Plaintiff appears to argue that the applicable interest rate is 18 percent. But that is not the rate for actions subject to Chapter 542A of the Texas Insurance Code, which includes this action. See § 542.060(c) (setting simple interest for actions subject to Chapter 542A of the Texas Insurance Code); Tex. Ins. Code § 542A.002(a) ("[T]his chapter applies to an action on a claim against an insurer or agent, including: (1) an action alleging breach of contract; . . . or (3) an action brought under: . . . (B) Subchapter B Chapter 542").

Section 542A.007(a) provides a formula for determining attorney's fees in covered actions:

> [T]he amount of attorney's fees that may be awarded to a claimant in an action to which this chapter applies is the lesser of:
>
>> (1) the amount of reasonable and necessary attorney's fees supported at trial . . .
>>
>> (2) the amount of attorney's fees that may be awarded to the claimant under other applicable law; or
>>
>> (3) the amount calculated by:
>>
>>> (A) <u>dividing the amount to be awarded in the judgment to the claimant for the claimant's claim</u> under the insurance policy for damage to or loss of covered property <u>by the amount alleged to be owed</u> on the claim for that damage or loss in a notice given under this chapter; and
>>>
>>> (B) multiplying the amount calculated under Paragraph (A) by the total amount of reasonable and necessary attorney's fees supported at trial . . .

-7-

Tex. Ins. Code § 542A.007(a) (emphasis added). Because Defendant voluntarily paid the appraisal amount, the judgment will include $0 for Plaintiff's claim under the Policy. Therefore, the amount of attorney's fees allowed by § 542.007(a)(3) is $0. Because § 542A.007(a) limits attorney's fees to the lesser of the three listed sums, the court may not award attorney's fees based on Plaintiff's contract claim or TPPCA claim.

## C.   Plaintiff's "Bad Faith" Claims

Plaintiff alleges that Defendant violated Texas Insurance Code §§ 541.060(a)(1)-(5) and 541.061(1)-(5), which prohibit various misrepresentations and bad faith delays. Defendant argues that Plaintiff has not offered any evidence of these violations, and Plaintiff does not cite any in his Response. Moreover, the facts stated by Defendant — and conceded by Plaintiff — do not support a finding that Defendant violated any of these requirements. Because these claims fail, Plaintiff is not entitled to any attorney's fees in connection with them.

## IV.   Conclusion and Order

Because Defendant tendered the loss amount set under the Policy's appraisal clause, Plaintiff's breach of contract claim based on denial or underpayment is foreclosed. Because Defendant voluntarily paid more than the interest amount that would be owed if its delay violated the TPPCA, Plaintiff's TPPCA claim for interest

fails as a matter of law. Because the judgment amount for Plaintiff's breach and TPPCA claims is $0, Texas Insurance Code § 542A.007(a) does not allow an award of attorney's fees. Because Plaintiff lacks evidence that Defendant violated any of the "bad faith" provisions of Texas Insurance Code Chapter 541, those claims fail as a matter of law. Defendant State Farm Lloyds' Traditional and No-Evidence Motion for Summary Judgment (Docket Entry No. 21) is therefore **GRANTED**, and this action will be dismissed with prejudice.

**SIGNED** at Houston, Texas, on this 10th day of January, 2024.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE